UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BERNARD J. SORRENTINO,

                              Petitioner,

    -v.-                                                  9:06-CV-1000
                                                                      (FJS/RFT)

THOMAS POOLE, *Superintendent*, Five Points
Correctional Facility,

                              Respondent.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| EOANNOU, LANA LAW FIRM<br>484 Delaware Avenue<br>Buffalo, New York 14202<br>Attorney for Petitioner | THOMAS J. EOANNOU, ESQ. |
| HON. ANDREW M. CUOMO<br>New York State Attorney General<br>New York Office<br>120 Broadway<br>New York, New York 10271<br>Attorney for Respondent | ALYSON J. GILL, ESQ.<br>Assistant Attorney General |

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## DECISION and ORDER

**I.    Background**

On August 17, 2006, Petitioner, by his attorney, commenced this action by filing a Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. Dkt. No. 1. Petitioner complains of a judgment rendered in the Cayuga County Court wherein he was convicted by a jury of murder in the second degree. Dkt. No. 1 at ¶¶ 1, 3. Petitioner was sentenced to a term of 25 years to life imprisonment. *Id*. at ¶ 2. The conviction was affirmed on appeal by the Appellate Division, Fourth Department. *Id*. at ¶ 7. The Court of Appeals denied Petitioner leave

to appeal on December 29, 2004.  *Id*. at ¶ 10.

In August 2003, while his direct appeal was pending, Petitioner filed a motion to vacate the judgment pursuant to Article 440 of New York's Criminal Procedure Law, but the motion was denied by the trial court and by the Appellate Division, Fourth Department.  Dkt. No. 4 at pp.16-17; *see also* Dkt. No. 5 at Exs. I, K & M.  On August 25, 2003, Petitioner filed a second motion to vacate the judgment pursuant to Article 440 of New York's Criminal Procedure Law. Dkt. No. 4 at p. 17; *see also* Dkt. No. 5, Ex. N.  On September 23, 2003, Petitioner filed a third motion to vacate the judgment pursuant to Article 440 of New York's Criminal Procedure Law.  Dkt. No. 4 at p. 17; *see also* Dkt. No. 5, Ex. Q.  Both the second and third motions to vacate were denied by the trial court.  Dkt. No. 4 at p.17; *see also* Dkt. No. 5, Ex. R.  On February 19, 2005, Petitioner filed a motion for a writ of error *coram nobis* with the Appellate Division, Fourth Department, which was denied on April 29, 2005.  Dkt. No. 1 at ¶¶ 11 & 14; *see also* Dkt. No. 5 at Exhibits S, U.  Petitioner sought leave to appeal from the denial of his Writ of Error Coram Nobis; leave was denied by the Court of Appeals on September 12, 2005.  Dkt. No. 1 at ¶¶ 15-16; *see also* Dkt. No. 5, Exs. V & W.  On May 16, 2005, Petitioner sought reargument of the Appellate Division's decision denying the writ of error *coram nobis*; reargument was denied on July 1, 2005.  Dkt. No. 1 at ¶¶ 17-18; *see also* Dkt. No. 5, Exs. Z & AA.  On November 17, 2005, Petitioner moved for reconsideration of the Court of Appeals' decision denying leave; the application was denied on December 3, 2005.  Dkt. No. 4 at p. 20; *see also* Dkt. No. 5,Exs. X & Y.  On January 7, 2006, Petitioner filed a fourth motion to vacate his judgment of conviction pursuant to Article 440 of New York's Criminal Procedure Law, but the motion was denied by the trial court below and by the Appellate Division, Fourth Department.  Dkt. No. 1 at ¶¶ 23-27; *see also* Dkt. No. 5,Exs. BB,

DD & GG.

Currently before the Court is Petitioner's Motion to Stay his *habeas* Petition so that he can "seek redress in state court regarding the constitutional implications of the New York State Court of Appeals interpretation of the depraved indifference murder statute" in *People v. Feingold*, 7 N.Y.3d 288 (2006).  Dkt. No. 16-2 at pp. 1-2.  Petitioner claims that his indictment on a "twin count" of intentional murder and depraved indifference murder "undermined the strategy of petitioner's defense and compromised his right to a fair trial."  *Id*. at p. 2.  Respondent opposes the request for a stay, asserting that (1) Petitioner fails to establish good cause for not exhausting the claim earlier; (2) Petitioner's Motion to Vacate would be denied in state court; and (3) Petitioner's claim lacks merit.  Dkt. No. 17 at p. 2.

**II.    Discussion**

As the Second Circuit recognized in *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001), the procedural complexities confronting a *habeas* petitioner proceeding under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are considerable.  In cases such as this, where the petitioner seeks to pursue additional unexhausted claims in state court, as well as cases where the court is presented with a "mixed petition" containing both exhausted and unexhausted claims, the district court must consider both the timeliness of any subsequent petition and the impact of the AEDPA's limitations on second or successive petitions in determining the proper disposition of the petition.  The Second Circuit ruled in *Zarvela* that, when presented with a mixed petition, the district court may dismiss without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies.  *See id.* at 380. However, if dismissal would "'jeopardize the timeliness of a collateral attack,'" the district court

should stay the petition. *Id.* (quotation and other citation omitted).

The United States Supreme Court has approved the stay and abeyance procedure with limitations. *See Rhines v. Weber*, 544 U.S. 269 (2005). Specifically, the Supreme Court stated that

> stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Id.* at 277 (internal citation omitted). The *Rhines* Court also stated that, if a petitioner "engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id.* at 278 (citation omitted).

To date, the Second Circuit has provided little guidance on what constitutes good cause for failure to exhaust state-court remedies. However, one district court in this circuit has defined the term in the following manner:

> "the majority of th[e] lower courts which have addressed the issue at length analogized the 'good cause' requirement to the requirement that a habeas corpus petitioner demonstrate 'cause' to excuse other types of procedural defaults." *Ramdeo v. Phillips*, No. 04-CV-1157 (SLT), 2006 WL 297462, at *5 (E.D.N.Y. Feb. 8, 2006) (citations omitted). "Even in cases which expressly reject the notion that 'good cause' is analogous to 'cause' for a procedural default . . ., the 'good cause' has arisen from external factors, not petitioner's own decisions." *Ramdeo*, 2006 WL 297462, at *6 (citation omitted).

*Otra v. Rivera*, 2006 WL 2711462, *2 n.3 (W.D.N.Y. Sept. 20, 2006).

Petitioner's request for a stay does not demonstrate "good cause" for his failure to exhaust

this proposed claim earlier.  As set forth above, Petitioner filed multiple collateral motions in state court challenging his convictions, yet offers no valid explanation or cause for his failure to exhaust this proposed claim at an earlier time. This failure to allege "good cause" is especially troubling given the fact that Petitioner waited almost one and one half years after the state court decision in *Feingold,*[1] and more than one year after filing his Federal *habeas* Petition, before filing this request for a stay.  This substantial lapse of time by itself gives the Court a sufficient basis to deny Petitioner's stay request.  *See Rhines*, 544 U.S. at 278 (if petitioner "engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all"). Moreover, while the *Feingold* case relied upon by Petitioner was decided on July 5, 2006, one New York court has recently concluded that the law regarding deliberate indifference murder "changed on October 19, 2004, when the Court decided *People v. Payne*, 3 N.Y.3d 266, 786 N.Y.S.2d 116, 819 N.E.2d 634 [2004]."[2]  Therefore, Petitioner was on notice as early as 2004 that the law regarding depraved indifference murder was in a state of flux in the New York courts, yet he chose not to pursue his proposed claim regarding the dual murder charge in state court until now.

Accordingly, because Petitioner has not established "good cause" for his failure to raise or exhaust this new claim earlier, the Court **denies** his request for a stay.[3]

**WHEREFORE**, it is hereby

---

[1] The New York state Court of Appeals decided *People v. Feingold*, 7 N.Y. 3d 288, on July 5, 2006.

[2] In *Payne*, the Court concluded that "a one-on-one shooting or knifing (or similar killing) can almost never qualify as depraved indifference murder."  *Payne*, 3 N.Y.3d at 272.

[3] The denial of a stay in this Court is not intended to limit in any way Petitioner's ability to pursue state court remedies available to him independent of this federal *habeas* petition.

**ORDERED**, that Petitioner's request for a stay (Dkt. No. 16) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Date:   May 15, 2008
       Albany, N.Y.

_____
RANDOLPH F. TREECE
United States Magistrate Judge